UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JONATHAN MICHAEL RUIZ** | **CIVIL ACTION** |
| **VERSUS** | **NO. 18-11664** |
| **STATE OF LOUISIANA, ET AL.** | **SECTION "J"(4)** |

## REPORT AND RECOMMENDATION

This matter was referred to a United States Magistrate Judge to conduct a hearing, including an evidentiary hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to **28 U.S.C. § 636(b)(1)(B) and (C) and § 1915A**, and as applicable, **42 U.S.C. § 1997e(c)(1) and (2)**. Upon review of the entire record, the Court has determined that the matter can be disposed of without an evidentiary hearing.

### I.    Factual and Procedural Background

The plaintiff, Jonathan Michael Ruiz ("Ruiz"), while previously housed in the Orleans Justice Center, filed this *pro se* and *in forma pauperis* complaint pursuant to 42 U.S.C. § 1983 against the State of Louisiana and Governor John Bell Edwards challenging changes made to Louisiana sex offender registration laws after his conviction but which have been made applicable to him in violation of *ex post facto* prohibitions.[1] Ruiz has since been transferred to the Raymond Laborde Correctional Center.[2]

---

[1] Rec. Doc. No. 4.  Because § 1983 contains no specific venue provision, venue is determined under the general venue provisions of 28 U.S.C. § 1391. *See Jones v. Bales*, 58 F.R.D. 453 (N.D. Ga. 1972), *aff'd*, 480 F.2d 805 (5th Cir. 1973).  The general venue statute at § 1391(b) provides that a civil action may be brought in a district where any defendant resides, a substantial part of the events or omissions giving rise to the claim occurred, or in which any defendant is subject to the court's personal jurisdiction.  Although no defendant resides in the Eastern District, Ruiz asserted in his complaint that a substantial part of the relevant events did.

[2] Rec. Doc. Nos. 7, 8.

**II.     Standards for Frivolousness Review**

Pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A and 42 U.S.C. § 1997e(c), the Court is required to *sua sponte* dismiss cases filed by prisoners proceeding *in forma pauperis* upon a determination that they are frivolous. The Court has broad discretion in determining the frivolous nature of the complaint. *See Cay v. Estelle*, 789 F.2d 318, 325 (5th Cir. 1986), *modified on other grounds*, *Booker v. Koonce*, 2 F.3d 114 (5th Cir. 1993). However, the Court may not *sua sponte* dismiss an action merely because of questionable legal theories or unlikely factual allegations in the complaint.

Under this statute, a claim is frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998). "A [claim] lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Harper v. Showers*, 174 F.3d 716, 718 (5th Cir. 1999) (quoting *Davis v. Scott*, 157 F.3d 882, 889 (5th Cir. 1998)). It lacks an arguable factual basis only if the facts alleged are "clearly baseless," a category encompassing fanciful, fantastic, and delusional allegations. *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (citing *Neitzke*, 490 U.S. at 327-28). Therefore, the Court must determine whether the plaintiff's claims are based on an indisputably meritless legal theory or clearly baseless factual allegations. *Reeves v. Collins*, 27 F.3d 174, 176 (5th Cir. 1994); *Jackson v. Vannoy*, 49 F.3d 175, 176-77 (5th Cir. 1995); *Moore v. Mabus*, 976 F.2d 268, 269 (5th Cir. 1992).

**III.    Claims against the State of Louisiana**

Ruiz's claims against the State of Louisiana are barred by the Eleventh Amendment and the Court is without subject matter jurisdiction. The Eleventh Amendment bars a State's citizens

from filing suit against the State or its agencies in the federal courts. *Cozzo v. Tangipahoa Par. Council-Pres. Govt.*, 279 F.3d 273, 280-81 (5th Cir. 2002); *Hall v. Louisiana*, 974 F.Supp.2d 964, 972 (M.D. La. 2013) (citing *Lewis v. Univ. of Tex. Med. Branch at Galveston*, 665 F.3d 625, 630 (5th Cir. 2011)). When a State is the named defendant, the Eleventh Amendment bars suits for both money damages and injunctive relief unless the State has waived its immunity. *Id*. By statute, Louisiana has refused any such waiver of its Eleventh Amendment sovereign immunity regarding suits in federal court. *See* La. Rev. Stat. Ann. § 13:5106(A). In addition, Congress also did not abrogate a state's Eleventh Amendment immunity in the language of 42 U.S.C. § 1983. *Cozzo*, 279 F.3d at 281.

For these reasons, Ruiz cannot proceed with his suit against the State of Louisiana under the Eleventh Amendment, and this Court is without subject matter jurisdiction to consider his claims against the State of Louisiana. His claims must be dismissed as frivolous and for seeking relief against an immune defendant under 28 U.S.C. § 1915(e)(2), § 1915A(b).

**IV.     Claims Against Governor Edwards**

Ruiz has named Governor Edwards as a defendant alleging that, as chief executive officer of the State, he is the enforcer of the sex offender laws being challenged. In that capacity, Governor Edwards also enjoys Eleventh Amendment immunity which also deprives the Court of subject matter jurisdiction.

Generally, suits against State employees in their official capacities implicate the Eleventh Amendment immunity doctrine. *Champagne v. Jefferson Parish Sheriff's Office,* 188 F.3d 312, 313 (5th Cir. 1999); *Lockett v. New Orleans City*, 639 F. Supp.2d 710 (E.D. La. 2009); *Muhammad v. Louisiana,* No. 99-2694 c/w 99-3742, 2000 WL 1568210 (E.D. La. Oct. 18, 2000); *Wallace v.*

*Edwards*, 30 F.3d 1493, 1994 WL 399144, at *1 (5th Cir. Jul. 21, 1994) (Table, Text in Westlaw) (addressing the Louisiana governor).

Governor Edwards is sued as an executive officer for the State of Louisiana. An official-capacity claim against a state official is equivalent to suing the State itself. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). In addition, for Eleventh Amendment purposes, the Governor and the Executive Branch is considered arms of the State of Louisiana, because any money judgment against these entities necessarily would be paid from state funds. *See Edelman v. Jordan*, 415 U.S. 651, 663 (1974) (suit against a state governor in their official capacity is a suit against the sovereign.) The Court, therefore, is without jurisdiction to hear Ruiz's claims against the Governor Edwards in his official capacity as Governor of the State of Louisiana under the Eleventh Amendment. *See Warnock v. Pecos County, Tx.*, 88 F.3d 341, 343 (5th Cir. 1996).

The Supreme Court has recognized an exception to the Eleventh Amendment doctrine which would not protect state officials from suit. *Ex Parte Young*, 209 U.S. 123, 155-56 (1908); *Edelman*, 415 U.S. at 664; *Brennan v. Stewart*, 834 F.2d 1248, 1252 (5th Cir. 1988). The exception may exist when a § 1983 suit is brought seeking declaratory or injunctive relief that is prospective in effect. *See Saltz v. Tenn. Dept. of Employment Sec.*, 976 F.2d 966, 968 (5th Cir. 1992). This includes a plaintiff's action seeking to enjoin a state official from enforcing an unconstitutional law. *See K.P. v. LeBlanc*, 627 F.3d 115, 124 (5th Cir. 2010) (citing *Ex Parte Young*, 209 U.S. at 157, 160 (1908)); *Will*, 491 U.S. at 71 n.10. Here, Ruiz seeks declaratory and injunctive relief against Governor Edwards in his official capacity with the State as it relates to enforcement of the sex offender registration laws he claims to be unconstitutional.

To meet this exception, the plaintiff must show that the state official has "some connection with the enforcement of the act." *Ex Parte Young*, 209 U.S. at 157. In *Okpalobi v. Foster*, 244

F.3d 405 (2001), the Fifth Circuit explained that, to determine whether a state official has "some connection" with enforcing the allegedly unconstitutional statute, a court should evaluate (1) the official's ability to enforce the statute according to his statutory or constitutional powers, and (2) the official's "demonstrated willingness" to enforce the statute. *Okpalobi*, at 417.

In this case, Ruiz simply claims that, as governor and executive officer, Edwards is responsible for the enacting and enforcing the sex offender registration laws. This broad description of the Governor's general duties does not meet the *Okpalobi* factors. In fact, similar allegations against the Louisiana Governor as the executor of Louisiana's laws have been rejected and deemed insufficient to establish the necessary connection to meet the *Ex Parte Young* exception. *Doe v. Jindal*, No. 15-1283, 2015 WL 7300506, at *4-5 (E.D. La. Nov. 18, 2015) (involving enforcement of Louisiana's sex offender registration laws).

For the sake of completeness, to the extent Ruiz may intend to sue Governor Edwards in his individual capacity, his claim is no less frivolous. Ruiz's complaint alleges no personal involvement by the Governor in the actual imposition of enforcement of the sex offender registration laws in his case. Without this, Ruiz has failed to allege individual liability as a requisite under § 1983. *Douthit v. Jones*, 641 F.2d 345, 346 (5th Cir. 1981).

Furthermore, as a supervisory official, individual liability may exist if the supervisor is personally involved in the constitutional deprivation or there is a causal connection between the supervisor's conduct and the violation. *See Alton v. Texas A & M Univ.*, 168 F.3d 196, 200 (5th Cir. 1999); *Champagne v. Jefferson Parish Sheriff's Office*, 188 F.3d 312, 314 (5th Cir. 1999); *Clark v. Richards*, 26 F.3d 1118 (5th Cir. 1994). Ruiz does not allege any facts from which it can be concluded that Governor Edwards was personally involved in a constitutional deprivation of his rights. It is also relevant that Governor Edwards was elected Governor of Louisiana in 2016,

two years after Ruiz claims he was notified of the changes in the sex offender registration laws he now challenges as unconstitutionally applied to him at that time.

Ruiz's claims against Governor Edwards must be dismissed pursuant to § 1915(e)(2) and § 1915A(b) for seeking relief against an immune defendant and otherwise for failure to state a claim for which relief can be granted.

## V. State Law Violations

In addition to alleged violations and deprivations of his federal constitutional rights, Ruiz includes in his complaint claims of property loss, harassment, social banishment, defamation, and other personal damage claims which can be construed to arise under state law. The general rule in the Fifth Circuit "is to decline to exercise jurisdiction over pendent state-law claims when all federal claims are dismissed or otherwise eliminated from a case prior to trial." *Batiste v. Island Records, Inc.*, 179 F.3d 217, 227 (5th Cir. 1999) (citation omitted); *accord Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988) ("in the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine ... will point toward declining to exercise jurisdiction over the remaining state-law claims"). The Court recommends that Ruiz's federal claims under § 1983 be dismissed for the reasons already presented. Therefore, his claims based in state law should be dismissed without prejudice as the Court should decline to exercise its supplemental jurisdiction under 28 U.S.C. § 1367.

## VI. Recommendation

It is therefore **RECOMMENDED** that Ruiz's § 1983 claims against the State of Louisiana and Governor Edwards be **DISMISSED WITH PREJUDICE** under 28 U.S.C. § 1915(b)(2) and

§ 1915A(b) as frivolous, for failure to state a claim for which relief can be granted, and/or for seeking relief against an immune defendant.

It is further **RECOMMENDED** that Ruiz's state law claims be **DISMISSED WITHOUT PREJUDICE** because the Court declines to exercise its supplemental jurisdiction under 28 U.S.C. § 1367.

A party's failure to file written objections to the proposed findings, conclusions, and recommendations in a magistrate judge's report and recommendation **within fourteen (14) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996).

New Orleans, Louisiana, this 18th day of March, 2019.

_____
**KAREN WELLS ROBY
CHIEF UNITED STATES MAGISTRATE JUDGE**