# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JONATHAN MICHAEL RUIZ** | **CIVIL ACTION** |
| **VERSUS** | **NO. 18-11664** |
| **STATE OF LOUISIANA, ET AL.** | **SECTION "J"(4)** |

## O R D E R & REASONS

Before the court is Plaintiff's *Motion to Alter or Amend Judgment* **(Rec. Doc. 15).** Because Plaintiff has not proved he is entitled to relief under Fed. R. Civ. P. 59(e), the Court will deny the motion and uphold its Judgment **(Rec. Doc. 14)** that Plaintiff's claims against the State of Louisiana and Governor Jon Bel Edwards are dismissed with prejudice.

## BACKGROUND

The Court assumes the reader's familiarity with this case and provides only a brief account of the relevant facts and procedural history. Plaintiff Jonathon Michael Ruiz is an incarcerated sex offender. In December of 2018, Ruiz filed a § 1983 suit against the State of Louisiana and Governor Edwards alleging unconstitutional *ex post facto* application of certain sex offender registration and restriction statutes. In March of 2019, Ruiz filed a *Motion to Appoint Counsel, for Reasonable Access to Certain Legal Resources, and for Production of Legal Documents held by D.O.C.* On March 18, 2019 Honorable Magistrate Judge Karen Wells Roby denied Ruiz's motion and filed a Report & Recommendations,

recommending this Court dismiss Ruiz's claims against John Bel Edwards and the State of Louisiana with prejudice, citing the frivolous nature of his claim. The Court adopted the Magistrate's Report and Recommendations.

Ruiz's current motion asks the Court to amend the judgment of dismissal with prejudice and allow him to file an amended petition. Ruiz admits there is not legal basis for filing a §1983 claim against the State of Louisiana. He does, however, maintain that he could cure his claims against Governor Edwards by discovering facts proving that Governor Edwards is personally involved in the enforcement of the sex offender statutes against Ruiz. Additionally, Ruiz asks leave to amend his complaint to name dozens of other state officials he claims are personally responsible for the enforcement of the statute. Because the judgment does not affect Ruiz's ability to bring his constitutional claims against those defendants, it will not be considered as a potential reason to amend the judgment.

## DISCUSSION

Because Rule 59(e) does not contain specific factors to determine whether to amend or alter a judgment, district courts enjoy significant discretion in denying or granting the motion. *Edward H. Bohlin Co., Inc. v. Banning Co., Inc.*, 6 F.3d 350, 355 (5th Cir. 1993). Nonetheless, a grant of relief under 59(e) is an extraordinary remedy that should only be used sparingly. *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004). There are four grounds that support an amending or alteration of a judgment under 59(e):

[f]irst, the movant may demonstrate that the motion is necessary to correct manifest errors of law or fact upon which the judgment is based. Of course, the corollary principle applies and the movant's failure to show any manifest error may result in the motion's denial. Second, the motion may be granted so that the moving party may present newly discovered or previously unavailable evidence. Third, the motion will be granted if necessary to prevent manifest injustice. Serious misconduct of counsel may justify relief under this theory. Fourth, a Rule 59(e) motion may be justified by an intervening change in controlling law.

11 Charles A. Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice & Procedure* § 2810.1, (3d ed. 2019).

Plaintiff's motion does not implicate any of the four grounds. First, there was no manifest error of law or fact upon which the judgment is based. The doctrine of sovereign immunity and the requirements for stating a viable §1983 claim are well-established. The Report & Recommendations properly applied them to the Plaintiff's claims.

Second, Ruiz has not uncovered any new or previously unavailable evidence. Ruiz argues that he will be able to amend his pleading to assert more facts proving of Governor Bel Edwards' personal enforcement of the statutes at issue. (Rec. Doc 15 at 4). However, Ruiz provides no indication in his motion of what these new examples

will be. Rather, the only tangible new information Ruiz alleges in his motion is proof that other state officials, not Governor Edwards, are responsible for the actual enforcement of the alleged unconstitutional laws. (Rec. Docs. 12 and 15).

These new discoveries have no bearing on the decision to dismiss with prejudice Ruiz's claim against Governor Edwards. In fact, it further supports the reasoning in the Report & Recommendations that the claim against Governor Edwards is frivolous for lack of a factual basis. These laws were passed before Governor Edwards was in office, and he is not the official statutorily tasked with enforcing them. *See Doe v. Jindal,* No. 15-1283, 2015 WL 7300506, at *4-5 (E.D. La. Nov. 18, 2015) (holding that merely being the head of the executive branch does not constitute personal enforcement of laws).

Third, there is no manifest injustice in refusing to amend or alter the judgment. The judgment only dismisses with prejudice Ruiz's §1983 claims against Louisiana and Governor Bel Edwards. Ruiz's state law claims are left intact for him to file in state court. Furthermore, as Ruiz's underlying constitutional claims were not actually litigated here, he is not precluded from attempting to bring his §1983 claims against other state officials that he can properly allege enforced the laws at issue. Additionally, there is no danger of Ruiz's potential claims being barred by a statute of limitations because of the dismissal. As Ruiz himself notes in his initial complaint, the laws he is objecting to will be enforced against him continually for the rest of his life.

Finally, there is no intervening change in controlling law that helps Plaintiff's case.

Nonetheless, there is Fifth Circuit precedent that superficially supports the relief Plaintiff is seeking. In *Eason v. Thaler*, 14 F.3d 8 (5th. Cir. 1994), the court overturned a district court decision to dismiss a *pro se* plaintiff's §1983 claims *sua sponte*. The district court had determined the plaintiff's claims, while legally cognizable, were deficient factually. The Fifth Circuit overturned and held that the district court erred in not giving the plaintiff the opportunity to amend to offer a more detailed set of factual claims.

In *Ruiz v. Leblanc*, 643 Fed. Appx. 358 (5th. Cir. 2016), the court overturned a district court's *sua sponte* dismissal with prejudice of plaintiff's §1983 Eighth Amendment claim on the grounds that it did not allege enough facts. It is error to "dismiss [a] claim with prejudice without providing Ruiz, a *pro se* plaintiff, an opportunity to plead his best case." *Id* at 363. This is, of course, the very same Ruiz bringing the present matter before the Court.

Thus, it is no surprise Ruiz knew to argue he was entitled to either a *Spears* hearing or an opportunity to amend to "plead his best case," and it is no surprise he believes he is entitled to such an opportunity. Nevertheless, there are three reasons the Court determines not to grant Ruiz such a right in this case.

First, unlike in *Leblanc* and *Eason*, the present dismissal of Ruiz's claim is not a true dispositive one. As mentioned above and reinforced by Ruiz's own submissions to the court, Ruiz has numerous other potential defendants to bring his §1983 claims

5

against. The judgment says nothing about the merits of Ruiz's §1983 claims if brought against proper defendants.

Second, in *Leblanc* and *Eason* the plaintiff's claims were Eighth Amendment prisoner claims. The facts needed to properly amend the plaintiff's claims were more detailed accounts of the alleged mistreatment. *Leblanc*, 643 Fed. Appx at 362 ("But while Ruiz has alleged numerous injuries, he has not alleged sufficient facts to plausibly establish that those injuries constitute a 'substantial risk of serious harm.'"). In comparison to the present case, it was much more likely the plaintiffs possessed the required information but simply made a mistake by insufficiently pleading the facts. As mentioned in the Report & Recommendations, it has already been held that Louisiana governors do not enforce the sex offender registration laws merely by being the governor. *Jindal*, 2015 WL 7300506, at *4-5. Therefore, it is highly unlikely Ruiz could allege new facts in an amended pleading that would subject Governor Edwards to suit as a state officer.

Third, Ruiz has already been provided with two opportunities to present new allegations and information to the Court, in his objections to the Report & Recommendations and in this *Motion to Amend or Alter Judgment*. In both instances Ruiz has asserted newly discovered facts alleging that dozens of other state officials are involved in the enforcement of the sex offender registration laws. In neither instance has Ruiz been able to point to anything resembling a factual allegation of Governor Edwards enforcement of the disputed statutes.

To sum, *pro se* plaintiffs should be allowed permission to "plead their best case" and amend factually deficient pleadings if there is a reasonable belief that they have knowledge of said facts, or if failure to allow such an amendment would result in a grave injustice. Neither applies here. Ruiz has failed to show there is cause for this Court to grant the rare remedy of an amended judgment. Accordingly, the Court will deny Plaintiff's motion.

## CONCLUSION

For the reasons set forth above,

IT IS ORDERED that Jonathon Michael Ruiz's Motion to Amend or Alter Judgment (Rec. Doc. 15) is DENIED.

New Orleans, Louisiana, this 13th of September, 2019.

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE